NO. 8563

COURT OF APPEAL

PARISH OF ORLEANS

***

ELKIN MOSES

versus

THE HILLER VINEGAR CO. INC.

--------------

Court of Appeal
Parish of Orleans

267

Dinkelspiel; J.

Plaintiff institutes this suit alleging that his profession is that of a public certified public accountant, and that in that capacity he was employed by the defendant to do certain work on its books consisting merely of an audit thereof, for the prime year 1920, for the agreed price of $350.00; that he performed his part of the said contract by doing the work, which he agreed to do, but notwithstanding amicable demand, defendant has refused to pay.

The answer substantially admits plaintiff's employment, but alleges that he was employed to audit their books by the year at a yearly salary of $350.00, and in addition was to give them at least one audit per month or as often as called on to do so, but that plaintiff failed to comply with this contract, hence is not entitled to recover, and there should be judgment for defendant.

It would be futile to discuss at any length the evidence in this case, but only to call attention to particular portions thereof, plaintiff swears positively to his employment as claimed in the petition; that he did the work required of him, more than that, he did much more work than he had agreed to do.

There is filed also in connection with this case, the report of Mr. Derbes the auditor employed by the defendant subsequent to the employment of plaintiff and his return report before us, amongst other things, shows that in a letter addressed to the defendant, April 13th, 1921, Mr. Derbes writes: "As per agreement we have looked over your accounts and submit herewith statements thereof as reflected on your books." Itemizing statements, unnecessary to repeat here, the report goes on to say: "The above mentioned statements were prepared from the trial balance and financial statement furnished us by your bookkeeper and accepted by us without further examination."

Plaintiff testifies that he has been a certified public accountant for many years, and prior thereto had/been an accountant

and we are satisfied from his testimony that he is an expert in matters appertaining to his profession.

The testimony of the defendant is not at all convincing; amongst other statements made, denying the employment of plaintiff except as alleged by him in his answer, he was asked by the Court:

Q. You stated you employed Mr. Moses from July, 1920 to July 1921? A. Yes sir.

Q. Did I understand you to say that you notified him at the end of the year 1920 to come and complete these books up to December 31st, 1920? A. Yes sir.

Q. You did that? A. Yes sir.

Q. Then, if you employed him from July 20 1920 what would he have to do all the other months; how would he balance your books if he did not take up the books from January to July 1920? A. He was employed from July 1920.

Q. To July 1921? A. Yes sir.

Q. What would he have to do with your books from January to July 1920? A. He was to look them over.

Q. He would have to do some work on them? A. No sir, he decided not to go over them.

Q. How could he balance your books for the year 1920 if he did not check the entire books from January 1920? A. Because he would take it forgranted that the books were alright; he was to render me a certified statement.

We gather from the entire record and from the testimony in this case that plaintiff did all that he was required to do, all that he had agreed to do, and subsequently under
his agreement with the defendants,/ prepared the return for the United States Government for income taxes.

The Judge of the lower court heard and saw the witnesses, noted their demeanor on the stand, therefore had a better opportunity to judge of the truthfulness than we have. He rendered judgment in favor of plaintiff and we are satisfied this is correct.

For the reasons assigned, it is ordered, adjudged and decreed, that the judgment of the Court aquo be and the same is hereby affirmed, costs of both Courts to be paid by defendants.

-Judgment affirmed-